**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| GLENN A. PAINTER, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:12-CV-164 (WLS) |
| JOSEPH BADEN, *et al.*, | : |
| Defendants. | : |

**ORDER**

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed December 5, 2013 (Doc. 27). Therein, Judge Langstaff recommends granting Defendant's Motion to Dismiss (Doc. 21) and dismissing the instant suit in its entirety because Plaintiff has failed to exhaust administrative remedies as to all claims. Judge Langstaff also recommends denying Plaintiff's Motion for Directed Verdict (Doc. 23). Plaintiff has not filed an objection to the Recommendation. (*See generally* Docket.)

In their Motion to Dismiss, Defendants argued, *inter alia*, that Plaintiff's claims should be dismissed because he did not exhaust the grievances that he filed that were related to the instant suit. (Doc. 21-1 at 7.) In support of this assertion, Defendants submitted an affidavit of Christine Cross, Grievance Coordinator at Calhoun State Prison ("CSP"). (Doc. 21-3 at ¶ 3.) Plaintiff was housed at CSP at the time of the occurrence of the circumstances giving rise to this suit. (*Id.* at ¶ 12.) In her affidavit, Ms. Cross highlighted the various grievances filed by Plaintiff. (*See id.*) Of the above-referenced Defendants named by Plaintiff, only Defendants Ayers and Odom were

1

named in any of Plaintiff's grievances.  (*Id.* at ¶¶ 15, 18, 20, 21.)  Thus, because Plaintiff did not file any grievance related to Defendants Baden, Whatley, Henderson, or Frances, Plaintiff has failed to exhaust administrative remedies as to those Defendants.  Although Plaintiff filed three informal grievances against Defendant Ayers, Plaintiff did not file a formal grievance following the rejection of those informal grievances as required by the prison's grievance policy.  (*See id.* at ¶ 15, 18, 20.)  Further, Plaintiff did not appeal the denial of his formal grievance against Defendant Odom as required by the prison's grievance policy.  (*See id.* at ¶ 21.)  Thus, Plaintiff has failed to exhaust administrative remedies as to Defendants Ayers and Odom.

Accordingly, United States Magistrate Judge Thomas Q. Langstaff's December 5, 2013 Order and Recommendation (Doc. 27) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  Thus, Defendants' Motion to Dismiss (Doc. 21) is **GRANTED** and Plaintiff's Motion for Directed Verdict (Doc. 23) is **DENIED AS MOOT.**

"[W]here a more carefully drafted *pro se* complaint might state a claim the 'plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' "  *See Bettencourt v. Owens*, No. 11-15036, 2013 WL 5450978, *4 (11th Cir. Oct. 2, 2013) (citing *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991)).  The Eleventh Circuit "place[s] a heavy thumb on the scale in favor of" giving *pro se* litigants the opportunity to amend.  *Id.*  The decision should be made in light of "the purpose of pleading[, which] is to facilitate a proper decision on the merits."  *Id.* (citing *Bank*, 928 F.2d at 1112).  Based on the foregoing, the claims against

2

Defendants Baden, Ayers, Whatley, Henderson, Frances, and Odom are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  Because no Defendants remain, Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

    **SO ORDERED**, this  10th  day of January 2014.

                                           /s/ W. Louis Sands
                                           **W. LOUIS SANDS, JUDGE**
                                           **UNITED STATES DISTRICT COURT**